141 F.3d 1173
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BALBUENA-REYNA, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 96-71074.
INS No. Axj-cqw-fnm.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Feb. 11, 1998.
Decided Mar. 18, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Balbuena-Reyna petitions for review of the denial of his request for asylum and withholding of deportation by the Board of Immigration Appeals ("BIA"). The BIA affirmed the decision of an Immigration Judge who concluded that Balbuena-Reyna failed to establish past persecution or a well-founded fear of persecution on account of political opinion based on (1) his attempted recruitment by members of the terrorist group Shining Path and (2) a knife attack he received from a different group of men. We deny the petition.
 
 
 3
 The parties are familiar with the factual and procedural history of this case, therefore we will not recount it here.
 
 
 4
 The first incident referred to by Balbuena-Reyna, his attempted recruitment by members of Shining Path, ended without incident. Balbuena-Reyna was neither threatened nor physically harmed by the recruiters. Attempted recruitment by guerrillas alone does not constitute persecution on account of political opinion. INS v. Elias-Zacarias, 502 U.S. 478, 481-82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
 
 
 5
 Balbuena-Reyna also failed to establish that the second incident, where Balbuena-Reyna was stabbed following his refusal to join a group of men, was connected to the first. During testimony before the Immigration Judge, he did not specifically identify the second group of men as members of Shining Path or prove that he was attacked in response to any political opinion he held. As such, he did not satisfy his burden that the incident occurred on account of his political opinion. Fisher v. INS, 79 F.3d 955, 962 (9th Cir.1996) (en banc).
 
 
 6
 Balbuena-Reyna alleges that his status as a young Peruvian male with military experience explains why he was confronted on both occasions. As we previously held in Sanchez-Trujillo v. INS, 801 F.2d 1571 (9th Cir.1986), such broad characteristics should not be considered to constitute a "type of cohesive, homogeneous group to which we believe the term 'particular social group' was intended to apply." Id. at 1577.
 
 
 7
 For these reasons, we cannot say that "no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 484. Therefore, the BIA's conclusion that Balbuena-Reyna failed to establish eligibility for asylum will not be disturbed.
 
 
 8
 Because Balbuena-Reyna failed to establish eligibility for asylum, he fails to qualify for withholding of deportation. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 9
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3